UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE ENCAR ARNOLD,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES MARSHAL SERVICE, et al.,<br><br>        Defendants. | Case No. 22-cv-09188-DMR<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

Pro se Plaintiff Marie Encar Arnold filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP") on December 30, 2022. [Docket Nos. 1, 3.] On January 3, 2023, the Honorable Laurel Beeler granted Plaintiff's IFP application and noted that it would determine separately whether the complaint should be served. [Docket No. 7.] Judge Beeler subsequently referred this case to the undersigned to determine whether it is related to *Arnold v. United States Marshals Service*, Case No. 21-cv-09738 DMR (the "2021 case"). [Docket No. 15.] On February 15, 2023, the court determined that this case is related to the 2021 case and it was reassigned to the undersigned.[1] [Docket No. 16.]

Having reviewed the complaint, the court finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a first amended

---

[1] Plaintiff voluntarily dismissed the 2021 case on June 6, 2022, after she filed an amended complaint in accordance with a court order granting her IFP application and screening the complaint.
    The instant case is one of three that Plaintiff filed against the United States Marshal Service (USMS) and related defendants in 2022. Plaintiff filed *Arnold v. United States Marshals Service*, Case No. 22-cv-7470 SK on November 25, 2022 and voluntarily dismissed the complaint after the court denied her IFP application. Plaintiff filed the instant case and *Arnold v. United States Marshals Service*, Case No. 22-cv-9186 on December 30, 2022. The court found that Case No. 22-cv-9186 is related to the 2021 case and it was reassigned to the undersigned in January 2023. The court subsequently denied Plaintiff's IFP application in Case No. 22-cv-9186 and ordered Plaintiff to pay the filing fee by May 12, 2023.

complaint that addresses the deficiencies identified in this screening order by **May 10, 2023**.

I.    DISCUSSION

As noted, Judge Beeler found that Plaintiff satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and granted the application to proceed IFP.

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that she may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

1    2012) (quotations omitted).

2         Here, Plaintiff sues the United States Marshal Service, United States Marshal Agent
3    George Nichols, and United States Marshal Agent Russell Slope.  The 53-page complaint is very
4    difficult to understand.  It first describes an April 22, 2021 incident.  Plaintiff alleges that on that
5    date, she filed pleadings at the Clerk's Office at the United States District Court in San Francisco,
6    California.  After leaving the Clerk's Office, she traveled to the cafeteria in the same building
7    where Defendant Nichols approached her table and talked to her.  Compl. 4.  She alleges that
8    Defendant Nichols "stat[ed] out loud" "criminal defense," which was "reckless imposing as
9    Attorney breaching information to criminal defense during duties," and that Defendants violated
10   her right to privacy and various other rights.  However, the complaint does not contain an
11   explanation of how these rights were violated by Nichols's alleged statement or provide any other
12   details about his alleged conduct.  *Id*. at 4-5.  She also alleges that Defendant Slope "committed
13   neglected adverse Plaintiff's complaint in his scope of practice" and references a prohibition on
14   "United States Marshals or Deputy Marshal" practicing law but does not explain the allegations or
15   significance of any such prohibition.  *Id*. at 5.  The remaining allegations in the complaint are
16   extremely vague, and include allegations of tampering with evidence, "being spied on her emails
17   on and harassed"; cyberhacking; breach of her phone, emails, computer, and medical records; and
18   "looting" of Plaintiff's cars and property.  The complaint also includes allegations about Plaintiff
19   "getting jabs with electronic harassment microchips" to induce heart attacks and abuse of
20   Plaintiff's daughters via "high voltage shocks" and needles.  Plaintiff asks that the court award her
21   $10 billion and "protection for the U.S. Government or job position Federal Protective Services."
22   [Docket No. 1-2 at ECF p. 12-13.]

23        The allegations in Plaintiff's complaint are too vague and insubstantial to satisfy Federal
24   Rule of Civil Procedure 8(a)(2), which requires that a plaintiff must make "a short and plain
25   statement of the claim showing that the pleader is entitled to relief."  Further, a "complaint must
26   contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its
27   face." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported
28   by mere conclusory statements, do not suffice." *Id*.  Plaintiff's complaint does not satisfy this

standard as it does not contain "sufficient factual matter" to state any claims against Defendants. Accordingly, the complaint must be dismissed.

## II. CONCLUSION

For the reasons above, the court finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  Plaintiff must file a first amended complaint addressing the deficiencies identified in this order by **May 10, 2023.**  If she does not file a timely first amended complaint, the court will recommend that her action be dismissed.  Plaintiff's motions to extend the deadline to serve Defendants with the summons and complaint and to reschedule the initial Case Management Conference (Docket Nos. 20, 21) are denied as moot. The initial Case Management Conference will be reset by the court if appropriate after the court resolves its review of the case under 28 U.S.C. § 1915(e).

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: April 12, 2023



Donna M. Ryu
Judge Donna M. Ryu
United States Magistrate Judge